NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XIU MEI CHEN,

               Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 10-70912

Agency No. A095-709-891

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2012[**]

Before:    LEAVY, PAEZ, and NGUYEN, Circuit Judges.

    Xiu Mei Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for abuse of discretion the BIA's denial of humanitarian asylum. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). We deny the petition for review.

Chen's counsel conceded that Chen does not claim a risk of future persecution due to the passage of time. Substantial evidence supports the BIA's finding that, even if she was credible and even if she established past persecution, this concession rebutted Chen's presumption of a well-found fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1) (presumption may be rebutted by showing a fundamental change in circumstances such that applicant no longer has a well-founded fear of persecution). The BIA did not abuse its discretion in denying Chen's claim for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Accordingly, Chen's asylum claim fails.

Chen does not challenge the denial of her withholding of removal or CAT claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

10-70912

We reject Chen's contention that the BIA violated her due process rights by failing to consider arguments she raised in her motion to reopen, because the only relief she requested in her motion was that the BIA reissue its earlier decision, and the BIA granted the requested relief. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim). We also reject Chen's additional argument that the BIA violated her due process rights by failing to apply the proper regulations, because it is belied by the record. *See id.* Accordingly, Chen's due process claims fail.

**PETITION FOR REVIEW DENIED.**